UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DAVID D'AMATO,

                Plaintiff,

      - against -

DAVID W. STARR, MAGIC TOUCH
PRODUCTIONS, KENT BARCLAY,
GODADDY.COM, INTERCOSMOS MEDIA
GROUP, INC. D/B/A DIRECTNIC.COM,
BLOGSPOT.COM, GOOGLE.COM,
BLOGGER.COM, PYRA.COM, LTD.,
THEPLANET.COM, and COMPUTER
TYME HOSTING,

                Defendants.

------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ MAR 22 2007 ★

BROOKLYN OFFICE

**ORDER ADOPTING REPORT
AND RECOMMENDATION,
DENYING MOTION FOR DEFAULT
JUDGMENT, AND VACATING
ENTRIES OF DEFAULT**

CV-06-2429 (BMC) (WDW)

COGAN, District Judge.

This case is before me on the Report & Recommendation of Magistrate Judge William D. Wall, in which he recommended denial of plaintiff's motion for a default judgment, vacature of the Clerk's entries of default, and dismissal of the complaint on the ground that the Court lacks personal jurisdiction over defendants. Plaintiff has timely objected. Having conducted a *de novo* review, I adopt the Report & Recommendation for the reasons set forth therein, with one modification as to disposition described below, and overrule plaintiff's objections.

First, plaintiff asserts that Judge Wall applied too exacting a standard in determining personal jurisdiction, and that all plaintiff should have been required to do was demonstrate a *prima facie* case as to personal jurisdiction. It is correct that when personal jurisdiction is contested, the Court has a choice of either ruling on the basis of plaintiff's submissions to determine if there is a *prima facie* case, or conducting an evidentiary hearing to determine the

presence or absence of personal jurisdiction. See In re Magnetic Audiotape Antitrust Litigation, 334 F.3d 204, 206 (2d Cir.2003). However, in the default judgment context, where the Court hears only from the plaintiff, this distinction evaporates because there is no contrary evidence to that submitted by the plaintiff. Everything placed before the Court either adds up to a *prima facie* case or it does not. Judge Wall held that it does not, and I agree.

Plaintiff seems to believe that conclusory allegations in his complaint alleging that defendants "reached out" to New Yorkers are sufficient to constitute a *prima facie* case of personal jurisdiction. That is incorrect for three reasons.

First, the websites cited, and which are therefore incorporated in the complaint, do not bear out the allegations that New Yorkers as opposed to others are being targeted. Even assuming that solicitation of information about plaintiff constitutes "transacting business" under the long-arm statute, which I doubt, it is not directed at New Yorkers. Plaintiff argues that since the website lists schools that he attended, and many of these are New York schools, it follows that defendants are reaching out to New Yorkers. But it does not necessarily follow. Those former classmates may or may not still be in New York; defendants appear not to know nor care, for the websites reach everywhere. The Second Circuit has rejected these kind of argumentative allegations in the jurisdictional context. See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) ("we will not draw 'argumentative inferences' in the plaintiff's favor" in determining personal jurisdiction).

Second, even if those former classmates are in New York, plaintiff's allegations constitute much too tangential a connection to show that defendants have "transacted business" in New York that is the subject of plaintiff's claims. The defamation cases that have sustained long-arm jurisdiction under CPLR 302(a)(1) have required much more contact with New York

2

than the mere solicitation of New Yorkers as one aspect of producing the defamatory material. Compare Popper v. Monroe, 1990 WL 129168 (S.D.N.Y. 1990); Programming and Systems, Inc. v. Hall Franklin & Co., 1990 WL 71435 (S.D.N.Y. 1990) with Montgomery v. Minarcin, 263 A.D.2d 665, 693 N.Y.S.2d 293 (3d Dep't 1999) (collecting cases).

Third, many of the allegations upon which plaintiff relies pertain solely to recruiting participants in adult films, whether those participants are in New York or elsewhere. As Judge Wall pointed out, there is no connection between this recruiting activity and the claims here. They thus cannot form the basis for long-arm jurisdiction. Plaintiff has not argued that defendants are "doing business" in New York, in which case the totality of their contacts could be considered without regard to their connection to plaintiff's claims, and thus unconnected New York activity is irrelevant.

Plaintiff contends that Judge Wall relied too heavily on "[i]nternet personal jurisdiction standards as they have evolved thus far." Plaintiff asserts that such an analysis is "dated," and urges an allegedly broader standard set forth in HY Cite Corporation v. Badbusinessbureau.com, L.L.C., 297 F. Supp.2d 1154 (W.D. Wis. 2004). Putting aside the plaintiff's rejection of a standard that he previously advocated before Judge Wall, and his reliance on a case that he did not cite, I do not think that Judge Wall limited himself to a technical application of website interactivity analysis. Judge Wall expressly recognized that "although this 'sliding scale' model can be a useful guide, 'it does not amount to a separate framework for analyzing internet-based jurisdiction, and traditional statutory and constitutional principles remain the touchstone of the inquiry.'" R&R at 7, quoting, Best Van Lines, Inc. v. Walker, 2004 WL 964009 (S.D.N.Y. 2004). Judge Wall expressly recited the additional allegations upon which plaintiff relies but, as noted above, these conclusory allegations "upon information and belief" that plaintiff "targeted"

3

unidentified New Yorkers as well as non-New Yorkers do not cure the failure to make out a *prima facie* case of jurisdiction.

Plaintiff also claims that since defendants have defaulted, he has not had discovery that could establish jurisdiction. It appears that plaintiff wants it both ways, arguing that all he has to show is a *prima facie* case, while at the same claiming that the Court cannot find lack of personal jurisdiction absent discovery. Discovery on jurisdictional issues is not warranted unless plaintiff demonstrates a *prima facie* case and defendants meet their burden of going forward to rebut it. Like any jurisdictional showing, plaintiff has to have sufficient facts to make at least some showing of jurisdiction before he comes to court. That has not happened here.

Finally, plaintiff objects to Judge Wall's characterization of his intentional infliction of emotional distress claim as "sounding in" defamation, and thus excluded from the reach of the "tort" sections of the long-arm statute, especially in light of certain alleged conduct by defendants that occurred after the filing of the complaint. Plaintiff contends that this conduct is separable from the defamation claims in the complaint and thus personal jurisdiction exists for an intentional infliction claim.

I cannot sustain personal jurisdiction over an unpleaded claim that is alluded to in a post-hearing letter. Even if I could consider the letter as a claim, the mere fact that Hofstra students might view defendants' websites is not sufficient to confer personal jurisdiction for the reasons set forth in the R&R. Moreover, I do not see these vaguely described acts as an independent tort. Plaintiff has not referred to any special damages, and the conduct seems part of the same pattern of defamatory activity alleged in the complaint. Finally, plaintiff has made no showing of the regular solicitation of business and receipt of New York revenue required for long-arm jurisdiction over a non-defamation, tort-based claim.

I also note that although plaintiff objects to the R&R as to all defendants, his objection offers no argument as to why the recommended dismissal of the claims against defendants Barclay and Magic Touch, as opposed to defendant Starr, was error.

However, I will modify the R&R in one respect. Because of the short statutes of limitation generally applicable to defamation claims, it is possible that an outright dismissal might bar plaintiff's recommencement of this action in a jurisdiction in which defendants are subject to personal jurisdiction. The complaint alleges that the primary defendant, Starr, is a resident of California. If plaintiff wants this case transferred to California in the interests of justice pursuant to 28 U.S.C. §1404(a), he shall advise the Court of this and specify the judicial district where defendant Starr resides by letter within seven days of entry of this Order, failing which the case shall be dismissed.

**SO ORDERED.**

/s/(BMC)

U.S.D.J.

Dated: Brooklyn, New York
       March 20, 2007